IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY E. BURROWES, and | ) | |
| KERRY J. COLEMAN, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00138-CG-N |
| | ) | |
| SWIFT TRANSPORTATION CO., INC., | ) | |
| FRANCISCO FLORES CASTILLO, | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, STATE FARM | ) | |
| INSURANCE COMPANIES; and | ) | |
| SWIFT LEASING CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the undersigned on plaintiffs' motion to remand (docs. 25-26), defendants' response in opposition thereto (doc. 30), plaintiffs' reply (doc. 34) and defendants' surreply (doc. 37)[1], defendant's supplemental response in opposition (doc. 46), and plaintiffs' supplemental reply (doc. 53). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for entry of a Report and Recommendation. Upon consideration of these filings and all other pertinent portions of the record, it is recommended that the motion to remand be **granted** and the Clerk of Court be directed to take such steps as are necessary to remand this action to the

---

[1] Defendants' motion (doc. 36) to file this surreply brief (doc. 37) is hereby **GRANTED**.

Circuit Court of Mobile County, Alabama.

I.  Background.

This litigation arises from a May 27, 2007, motor vehicle accident on Interstate 10 in Baldwin County, Alabama, in which a tractor trailer owned by Defendant Swift Leasing Company, Inc.("Swift Leasing"), and driven by Defendant Francisco Flores Castillo ("Castillo"), rear-ended the automobile owned and operated by Plaintiff Courtney Burrowes. At the time of the accident Mr. Castillo was employed by Defendant Swift Transportation, Inc. ("Swift Transportation").

On or about April 3, 2009, Courtney Burrowes filed a complaint against Mr. Castillo and Swift Transportation in the Circuit Court of Baldwin County, Alabama, but voluntarily dismissed that action on April 24, 2009. On April 13, 2009, Burrowes filed a complaint in the Circuit Court of Mobile County, Alabama, against Swift Transportation, Castillo and State Farm Mutual Automobile Insurance Company ("State Farm"). In addition to claims of negligence, wantonness, negligent and wanton entrustment, plaintiff asserted claims against Swift Transportation of negligence and wantonness in the hiring, training and supervision of Castillo. On May 28, 2009, Plaintiff amended her complaint (doc. 2 at 36) to add her husband, Kerry J. Coleman, Sr., as a party plaintiff and claims of, *inter alia*, loss of consortium. A second amendment on November 10, 2009, added Swift Leasing as a party defendant based upon Swift Transportation's disclosure that Swift Leasing, a wholly owned subsidiary, was the actual owner of the tractor trailer which was driven by Castillo and struck plaintiff's vehicle. Plaintiff's damages are unspecified

2

throughout all her pleadings, as well as, according to the defendants, throughout her answers to defendants' discovery requests.

Defendants removed this action on March 19, 2010, claiming that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. There is no dispute that all of the parties in this action are diverse. The only dispute is with respect to the amount in controversy. The removing defendants contend that they "finally retrieved the necessary evidence during Plaintiff Courtney Burrow's deposition [on March 2, 2010] when she was forced to answer specific damages questions despite her persistent effort to evade the subject." Opposition Brief (Doc. 30) at 2. According to the defendants, Mrs. Burrowes's deposition testimony establishes that "the amount in controversy in this case exceeds the minimum diversity jurisdictional amount of $75,000.00." *Id*. at 2-3.

On April 19, 2010, plaintiffs filed a motion to remand (docs. 25-26), arguing that removal was improper on the following grounds: 1) "the Notice of Removal was not timely filed, because no 'other paper' made removability 'first ascertainable' less than 30 days before removal; and 2) the 'other paper' on which Defendants rely in support of the Notice of Removal, Plaintiff's deposition testimony, does not unambiguously establish that the amount in controversy exceeds $75,000." Plaintiffs' Brief (Doc. 26) at 1-2. The motion has been fully briefed and is now ripe for the Court's consideration.

II.     Standard of Review and Analysis.

"In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." Wiltew v. Parker, 2009 WL

3

3615041, * 2 (S.D. Ala. Oct. 30, 2009), *citing* McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178 (1936); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom* Hanna Steel Corp. v. Lowery, --- U.S. ----, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Id*, *citing* Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]n the removal context, where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery, 483 F.3d at 1208, *citing* Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir.1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand." Holloway v. Morrow, 2008 WL 401305, * 2 (S.D. Ala. Feb. 11, 2008), *citing* University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).

The *how* and *when* of removal is also significant. The Eleventh Circuit addressed this matter in Lowery[2] as follows:

---

[2] In Lowery, the removal arose under the second paragraph of 28 U.S.C. § 1446(b).

4

> As a threshold matter, § 1446(a) answers the question of *how* removal is accomplished, stating that a defendant may remove any "civil action" by filing a notice of removal, signed pursuant to the good faith requirements of Rule 11, which contains "a short and plain statement of the grounds for removal."[3] 28 U.S.C. § 1446(a). Section 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper."[Footnote omitted] § 1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal. § 1446(b).

483 F.3d at 1211-1213 (emphasis added). As the Eleventh Circuit acknowledged, "[w]hat constitutes 'other paper' [in the second category of cases], has been developed

---

[3] Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed ***within thirty days*** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

28 U.S.C. § 1446.

5

judicially . . . [and] numerous types of documents have been held to qualify, [including]: responses to requests for admissions, Wilson v. Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir.2000); interrogatory responses, Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir.1998); deposition testimony, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996); demand letters, Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); and email estimating damages, Callahan v. Countrywide Home Loans, Inc., No. 3:06-105, 2006 WL 1776747, at *3-4 (N.D.Fla. June 26, 2006)." 483 F.3d at 1213, n. 62.

The Eleventh Circuit in Lowery also stated that "under § 1446(b), in assessing the propriety of removal, the court considers the document *received by the defendant from the plaintiff*-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d at 1213 (emphasis added). The Eleventh Circuit further explained that:

> Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the *defendant must have received from the plaintiff* (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. § 1446(b). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.

483 F.3d at 1215 (emphasis added), *citing*, Bosky v. Kroger Texas, LP, 288 F.3d 208, 211

(5th Cir.2002) (holding that grounds must be "unequivocally clear and certain"); Huffman v. Saul Holdings, LP, 194 F.3d 1072, 1078 (10th Cir.1999) (same).

A panel of the Eleventh Circuit has recently upheld these principles of Lowery as applied to cases removed under the second paragraph of § 1446(b), including the requirement that the "other paper" must constitute evidence "from the plaintiff." Pretka v. Kolter City Plaza II, Inc., 2010 WL 2278358 (11th Cir. June 8, 2010).[4] Consequently, defendants contention that Lowery's "receipt from the plaintiff" rule is mere *dicta* (doc. 37 at 3) is without merit. Lowery's "'receipt from the plaintiff' rule is based on the second paragraph of § 1446(b), and that rule applies if 'the case stated by the initial pleading is not removable' but the case 'has become removable' due to **changed circumstances**." *Id*. at * 14 (emphasis added). In other words, "[t]he traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable case." *Id.*, *citing* Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988)(explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases). Such is the rationale given in Pretka for the rule that "a defendant cannot show that a previously non-removable case 'has become removable' as a result of a

---

[4]In Pretka, the removal arose under the first paragraph of § 1446(b) and the Eleventh Circuit clarified that, only as to removals based on the first paragraph of § 1446(b), namely removal within thirty days of being served with the summons and initial complaint, is there no limitation on the type of evidence that a defendant could offer once it timely filed a notice of removal. The Eleventh Circuit further held that, in contrast to the limited evidence that may be used to prove jurisdictional facts under cases removed pursuant to the second paragraph of § 1446(b), "the evidence the defendant may use to establish the jurisdictional facts [under the first paragraph of § 1446(b)] is not limited to that which it received from the plaintiff or the court." 2010 WL 2278358 at * 21.

document created by the defendant." *Id*, *citing* 28 U.S.C. § 1446(b) (second paragraph).

In support of removal in the instant case, defendants first rely on Courtney Burrowes's March 2, 2010, deposition testimony. One question raised by the plaintiffs in this case is whether that deposition actually triggered the § 1446(b) 30-day period. In other words, if defendants "were on notice of the purportedly removable nature of this action prior to [Courtney Burrowes's deposition], then the 'other paper' exception is inapplicable." Holloway, *supra*, 2008 WL 401305 at * 3. As this Court explained in Holloway:

> As construed by district courts in this Circuit, the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable. *See, e.g.*, Mendez v. Central Garden & Pet Co., 307 F.Supp.2d 1215, 1217 (M.D.Ala.2003) ("The crucial question is when the defendants received 'paper' from which they could have 'ascertained' that complete diversity existed, and thus that this case was removable."); Clingan, 244 F.Supp.2d at 1302 (explaining that § 1446(b) removal period commences as soon as defendant is able to ascertain intelligently that requisites of removability are present); Naef v. Masonite Corp., 923 F.Supp. 1504, 1511 (S.D.Ala.1996) ("When the initial pleading fails to provide at least a clue that the action is removable ... the thirty day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable.") (citation omitted); Moore v. Allstate Indem. Co ., 2006 WL 2730743, *4 (S.D.Ala. Sept. 22, 2006) ("defendants were not required to remove based solely on the complaint unless they could have intelligently ascertained that the action was removable before receiving the plaintiff's discovery response") (citation omitted).

*Id*. The Court also held as follows:

> A corollary to these lines of authority is that a defendant cannot piggyback the § 1446(b) 30-day period on receipt of discovery

8

> responses containing information that it already possessed. *See, e.g.*, Clingan, 244 F.Supp.2d at 1303 (a removing defendant "cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition when it legally possessed that information at an earlier date"); Golden Apple Management Co. v. GEAC Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala.1998) (explaining that "defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another" to manipulate timing of removal petition).

*Id*. at n. 4. Similarly, if defendants in the case at bar previously possessed the information they assert they obtained by plaintiff's deposition, the deposition "cannot and do[es] not re-start the 30-day removal clock." *Id.*

Defendants spend the majority of their argument complaining about "Plaintiffs' continued shell game to conceal the amount in controversy in this matter so as to frustrate Swift's right to have this diversity action decided in Federal Court." Opposition Brief (Doc. 30) at 1.[5]  Plaintiffs, who chose the state court forum, indeed made it clear that they intended throughout to leave the amount of damages solely to the jury.  Defendants do not dispute that they possessed the following information more than 30 days *prior to* Courtney Burrowes's deposition:

    1.    Plaintiff's past medical expenses totaling $22,062.25, as set forth in:

        a.    Plaintiff's medical bills produced on October 15, 2009; and

        b.    Medical Bill Summary produced in supplemental

---

[5]Plaintiffs have presented evidence that, under the governing Pre-Trial Order entered by the state court in this case, disclosure of "all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief [including medical bills]" need not be made until "not less than 21 days prior to trial." Doc. 34-1 (Exh. 9).

disclosures on February 11, 2010.

2. Plaintiff will incur future medical expenses due to her back injury and "resulting nerve damage in my extremities," as disclosed in discovery responses dated October 15, 2010 and asserted in all Complaints.

3. Plaintiff claims a loss of future earning capacity and the loss of her ability to earn a wage, as set forth in each Complaint .

4. Plaintiff has alleged from the outset of this litigation that her injuries are permanent in nature.

5. Plaintiff has consistently asserted that she does not "know what amount of money will fully compensate her for her injuries, and would leave that to the discretion of the jury."

Motion to Remand (Doc. 26) at 5-8. The only evidence purportedly proffered during Courtney Burrowes's deposition that was not previously produced to defendants was evidence that plaintiff had incurred $9,174.39 in physical therapy/pharmacy expenses as a result of the accident.[6]

Defendants contend that, prior to Burrowes's deposition, they were "unaware of Plaintiffs' ongoing medical treatment, if any, if any doctor had told them about or ordered any future medical treatment, or whether Mrs. Burrowes herself had any inclination as to what, if any, medical treatment she would need in the future." Opposition Brief (Doc. 30) at 14. Plaintiffs' Complaint, however, states that Courtney Burrowes "will be caused to

---

[6]Defendants identify the $9,174.39 as "expenses for physical therapy" (doc. 30 at 16), while plaintiffs contend that it relates to "pharmacy charges" (doc. 34 at 3). Neither party references any specific portion of plaintiff's deposition and the undersigned can find no discussion therein regarding the sum of $9,174.39. There is, however, testimony by Mrs. Burrowes which indicates that, as of her deposition on March 2, 2010, "we haven't started the physical therapy up." Doc. 31-6 at 65 (Burrowes Dep. at p. 144, l. 22-23).

undergo further such treatment and procedures in the future; she was permanently injured; she was caused to suffer physical pain and mental anguish, still suffers so and will so suffer in the future; she was caused to incur doctors' bills, hospital bills and other medical expenses in and about the care and treatment of her injuries, and she will be caused to incur such expenses in the future. . ." Complaint (Doc. 2 at 38-45 and Doc. 10 at 9-16) at ¶¶ 3, 6, 18, 26; Second Amended Complaint (Doc. 7 at 3-10) at ¶¶ 3, 6, 18, 26. Defendants' reliance on Mrs. Burrowes's answer of "I believe so" to their counsel's question regarding whether she expected her "continued medical treatment to be consistent with what your treatment has been in the past three years since the accident" (doc. 31-6 at 66; p.145, l. 2-6), is misplaced as it proves nothing regarding either the <u>type</u> of anticipated treatment or the <u>cost</u> of such treatment Opposition Brief (Doc. 30) at 16, *citing* Burrowes Dep., pp. 144-45. Rather, this information, to the extent it could be considered unambiguous, was already in defendants' possession more than 30 days prior to the subject deposition. Similarly, Mrs. Burrowes's opinion that she was "totally disabled" at the time of her deposition and her testimony that she is presently seeing one of her doctors every two to four weeks is neither information about which defendants were unaware prior to the deposition, nor unambiguous evidence that the amount in controversy exceeds that necessary to vest this Court with jurisdiction. Mrs. Burrowes unequivocally declared that she did not know what her health would be in the future and that she hoped to go back to work at some point. Doc. 31-6 at 59 (Burrowes Dep. at p.52, l. 5-6 and 10).

Defendants also contend that "Mrs. Burrowes also provided valuable insight into her claim for lost wages during her deposition which Swift did not have before." Opposition Brief (Doc. 30) at 16. However, as was true with respect to future health care needs, defendants were advised from the outset that Mrs. Burrowes "has been caused to lose time from her employment and her ability to work and earn money in the future has been irreparably impaired." Complaint (Doc. 2 at 38-45 and Doc. 10 at 9-16) at ¶¶ 3, 6, 18, 26; Second Amended Complaint (Doc. 7 at 3-10) at ¶¶ 3, 6, 18, 26. Other than her testimony that she expected to work full time at Terminix and was due to start work on the day of the accident, Mrs. Burrowes could not recall what she was to be paid and could only speculate that she would be paid at least minimum wage. *See*, Doc. 31-6 at 50-53 (Burrowes Dep.). Although Mrs. Burrowes believed that she would ultimately obtain health insurance which would be paid in part by the employer, she confirmed only that it "was something you do after you started." *Id*. at 53 (Burrowes Dep. at p.30,2-12). Defendants ask this Court again to speculate about the value of plaintiffs' lost wages claim and has not proffered evidence that would establish any sum by a preponderance of the evidence. With one exception[7], the defendants possessed all of the information upon which they rely to assert the existence of jurisdiction more than thirty days prior to removal. Mrs. Burrowes's testimony does not unambiguously establish that the amount

---

[7] The only new evidence presented involved $9,174.39 in physical therapy/pharmacy expenses incurred as a result of the accident.

in controversy is sufficient to vest this Court with jurisdiction.[8]

In addition to Mrs. Burrowes's deposition testimony, defendants assert that the "rejection" of their Offer of Judgment filed in the state court on March 8, 2010, constitutes proof of "the jurisdictional threshold for removal." Opposition Brief (Doc. 30) at 18. The "rejection" defendants rely upon here is the automatic expiration of the Offer of Judgment by operation of law when a plaintiff does not accept it within ten days. Ala.R.Civ.P. 68.[9] The Offer of Judgment at issue was filed by the defendants in the Circuit Court of Mobile County on March 8, 2010, and stated:

> Defendants SWIFT TRANSPORTATION CO., INC., SWIFT LEASING CO., INC., and FRANCISCO FLORES (collectively "SWIFT") pursuant to Alabama Rule of Civil Procedure 68, serve upon Plaintiff COURTNEY E. BURROWES this offer to allow judgment to be taken against SWIFT and in favor of Plaintiff on the issue of liability with damages to be later determined but not to

---

[8] Defendants maintain that any argument that Courtney Burrowes's deposition is insufficient to support removal would be inconsistent with an argument that removal was untimely because defendants possessed the information supporting removal more than 30 days before such removal. Under the principles discussed in Holloway v. Morrow, 2008 WL 401305 (S.D. Ala. Feb. 11, 2008), the Court may indeed conclude that removal is untimely if based on evidence already in defendants' possession more than 30 days prior to removal, even if also proffered at a later deposition.

[9] Rule 68 of the Alabama Rules of Civil Procedure states, in pertinent part:

At any time more than fifteen (15) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten (10) days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs....

>exceed SEVENTY FIVE THOUSAND AND NO/100s DOLLARS ($75,000.00), plus costs then accrued.

Doc. 31-6 at 81. Defendants essentially acknowledge that this offer and its rejection by silence does not constitute "other paper . . . received from the plaintiff" as required under Lowery but nonetheless argue that there is no distinction between "whether Plaintiffs' wrote a letter in response to the Offer of Judgment or it was rejected by operation of law." Surreply (Doc. 37) at 3. There are numerous reasons to reject defendants' argument. First, the offer does not provide for a sum certain, but rather requires plaintiffs to conduct a trial on damages. In addition, defendants offer no authority under Alabama law that such a proposal constitutes a valid offer of judgment. Despite defendants' discussion of Alabama law, there is no reason for this court to accept that an "offer of judgment," acceptance of which would only establish liability but could not itself result in a final judgment, is proper under Alabama law; no "judgment" was offered.[10]

Second, Rule 68 of the Alabama Rules of Civil Procedure specifically provides that "an offer not accepted shall be deemed **withdrawn** and evidence thereof is not admissible except in a proceeding to determine costs..." Withdrawal of An offer is entirely different from the "refusal" with which defendants seek to bind the plaintiff. Nor have the defendants argued or offered any authority for the proposition that this court

---

[10]Defendants argue (doc. 30 at 19-20) that authority construing the federal rules supports their argument. The quotation offered provides in part "[i]f [plaintiff] accepts, the court automatically enters judgment in his favor; if he refuses, the case proceeds." *Citing* Utility Automation 2000, Inc. v. Choctawhatchee Electric Coop, Inc., 298 F.3d 1238, 1240-41 (11th Cir. 2002). This defining feature of an offer of judgment necessarily precludes the sort of approach which defendants seek to strain Alabama Rule 68 to accommodate.

need not give effect to the provision of Rule 68 that "evidence [of the plaintiff's failure to accept the offer of judgment] is **not admissible** except in a proceeding to determine cost."

Third, particularly given the offer's failure to follow Rule 68 and the lack of a firm dollar amount, there clearly may be a number of reasons why a plaintiff might allow the 10-day period for accepting an offer of judgment to lapse.[11] Defendants' best argument for accepting the lapse of an offer of judgment for the maximum amount which could be recovered without triggering diversity jurisdiction is that the offer of judgment would provide all possible relief which the plaintiff could receive by the litigation; where that is clearly not the case, no adverse inference may reasonably be drawn from plaintiffs' failure to accept such an offer, even if it were deemed to have been intentional. Any assumption that the 10-day period lapsed solely because the plaintiff rejects the notion that her claim is worth less than $75,000.00 is pure speculation.

Finally, as the Eleventh Circuit recently emphasized In Pretka, *supra*:

> Under the second paragraph of § 1446(b), the defendant's receipt of a document indicating that the case "has become removable" opens a new 30-day window for removal. Id. (referring to "other paper from which it may first be ascertained that the case is one which is or has become removable").FN16 The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *See* Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir.1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases);[footnote omitted] *see also* Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir.1967).

---

[11]Inattention comes immediately to mind, and could in no way be deemed to equate with a statement by the plaintiff establishing that the amount in controversy exceeded the range of possible values which defendant offered.

15

>Thus, *a defendant cannot show that a previously non-removable case "has become removable" as a result of a document created by the defendant.* See 28 U.S.C. § 1446(b) (second paragraph).

Pretka, 2010 WL 2278358 at * 14. The Offer of Judgment relied upon by the defendants in the instant case was created by the defendants, not the plaintiff. Consequently, a new "30 day window for removal" was not created by the expiration of the offer.

IV. Conclusion

For the reasons stated above, it is recommended that defendants' motion to remand be **GRANTED** and the Clerk to take such steps as are necessary to transfer this action back to the Circuit Court of Mobile County, Alabama. The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 29th day of June 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

>A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within

[fourteen] days[12] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 29th day of June, 2010.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[12]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).